**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 2 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ORVIL GENE THOMPSON,

      Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

      Respondent-Appellee.

No. 96-9019
(D.C. No. 20937-94)
(United States Tax Court)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL** and **KELLY**, Circuit Judges.

The Respondent-Appellee Commissioner of Internal Revenue (the

"Commissioner") determined a deficiency in Petitioner-Appellant Orvil G.

Thompson's ("Thompson") 1981 federal income tax in the amount of $4,905 plus

penalties, interest, and self-employment tax. The deficiency stemmed from

Thompson's earnings of $18,152.54 in unreported income as an encyclopedia

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 36.3.

salesman in 1981.  Thompson protested the Commissioner's deficiency calculation to the United States Tax Court sitting by designation at Oklahoma City, Oklahoma.  Thompson contended that his failure to pay the tax owed in a timely manner should be excused due to incompetence resulting from a medical condition.  Thompson also argued that he should be entitled to various business expense, mortgage interest payment, and real estate tax payment deductions to reduce the total amount of tax owed.  The tax court found that Thompson intentionally failed to file his 1981 federal income tax returns and was liable for penalties and interest as a result of his delinquency.  The tax court did allow a $2,000 deduction for business expenses, but ruled that Thompson failed to produce any evidence to justify a deduction for mortgage interest or real estate tax payments.  The tax court ultimately assessed Thompson $5680 in tax deficiency and penalties, less $1,134 in payments Thompson had already made, but plus interest.  Thompson now appeals.  We affirm.

We review tax court decisions "in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury."  NCAA v. Commissioner of Internal Revenue, 914 F.2d 1417, 1420 (10th Cir. 1990).  Thompson claims that the district court erred in concluding that the Commissioner properly notified Thompson of the deficiency and in refusing to find that his

failure to file a 1981 return should be excused for health reasons.[1]  Because we do not find that the tax court's factual conclusions are clearly erroneous, we affirm the tax court's ruling.  First, although the Commissioner conceded that it initially had mailed notice of the deficiency to the incorrect address, Thompson admitted receiving a subsequent deficiency notice and all penalties imposed by the Commissioner in this case only date back to the later deficiency notice. Second, the doctor's report introduced into evidence by Thompson shows only that he suffered from a mild, treatable sleep disorder that would not excuse him from filing a tax return for 1981, especially since he managed to earn a sizeable income as an encyclopedia salesman while suffering from his ailment.  As a result, we AFFIRM for substantially the same reasons relied upon by the tax court.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

---

[1]  Thompson also suggests that he should have been entitled to a jury trial. Because Thompson never made a request for a jury trial to the tax court, we need not consider this issue on appeal.